# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| PORT CITY LOGISTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHASEWATER LOGISTICS, LLC, <br><br> Defendant. | Case No. 3:23-cv-00541-RJC-DCK <br><br> **DEFENDANT CHASEWATER LOGISTICS, LLC'S ANSWER AND COUNTERCLAIMS** |

Defendant Chasewater Logistics, LLC ("Chasewater"), answering the Complaint by Port City Logistics, Inc. ("Port City" or "Plaintiff"), alleges and states as follows:

## ANSWER AND DEFENSES

## FIRST DEFENSE, AS TO ALL CLAIMS

Chasewater denies each allegation of Plaintiff's Complaint not hereinafter specifically admitted. Chasewater responds as follows to each separately numbered paragraph:

### The Parties

1. Admitted.

2. With respect to Paragraph 2, it is admitted the Chasewater is a North Carolina limited liability company with a principal office at 15720 Brixham Hill Ave., Suite 300, Charlotte, NC 28277. Except as expressly admitted, Chasewater denies the allegations in Paragraph 2 of the Complaint.

3. Admitted.

Jurisdiction and Venue

4. With respect to the allegations in Paragraph 4 of the Complaint, Chasewater admits that Port City and Chasewater are citizens of different states, and that Port City is seeking damages purportedly in excess of $75,000. Chasewater denies that Plaintiff is entitled to any damages. Except as expressly admitted, Chasewater denies the allegations of Paragraph 4.

5. With respect to the allegations in Paragraph 5 of the Complaint, Chasewater admits that this Court is a proper venue for this dispute because Chasewater resides within this jurisdiction. Except as expressly admitted, Chasewater denies the allegations of Paragraph 5.

Factual Background

6. The allegations of Paragraph 6 are admitted upon information and belief.

7. Chasewater admits that it is a freight broker. Except as expressly admitted, Chasewater denies the allegations of Paragraph 7.

8. With respect to the allegations in Paragraph 8, it is admitted that Port City provided logistics services to Chasewater, including storage and delivery of shipping containers, primarily in 2022. Except as expressly admitted, Chasewater denies the allegations of Paragraph 8.

9. With respect to the allegations in Paragraph 9 of the Complaint, Chasewater admits that in 2022, in connection with services performed for Chasewater's client, Cornerstone Systems Inc. (on behalf of its client, Manchester Tank), Chasewater hired Port City to retrieve shipping containers containing heavy propane tanks from the Port of Savannah, store them on Port City's property as necessary, deliver them to an unloading warehouse, and return them to the Port. Except as expressly admitted, Chasewater denies the allegations of Paragraph 9.

10. With respect to services Port City performed on behalf of Chasewater's client, Cornerstone Systems Inc. (for its client, Manchester Tank), it is admitted that said services were

performed pursuant to purchase orders and invoices. Except as expressly admitted, Chasewater denies the allegations in Paragraph 10.

11. With respect to the allegations in Paragraph 11 of the Complaint, Chasewater admits that Port City initially agreed to store containers at no charge but subsequently charged Chasewater for storage services. It is further admitted that Chasewater already paid Port City for said services, but for *de minimis* disputed amounts. Except as expressly admitted, Chasewater denies the allegations in Paragraph 11 of the Complaint.

12. With respect to the allegations in Paragraph 12 of the Complaint, it is admitted that storage containers containing Manchester Tank propane tanks sat outside the Port of Savannah and accrued fees because labor hired to unpack and move the heavy and cumbersome propane tanks quit. By way of further response, Chasewater has paid Port City for all of these accrued fees, but for *de minimis* disputed amounts. Except as expressly admitted, Chasewater denies the allegations in Paragraph 12 of the Complaint.

13. With respect to the allegations in Paragraph 13 of the Complaint, Chasewater admits that, on occasion, it requested that Port City deliver both full and empty shipping containers to either Chasewater's facility in Fairburn, Georgia, or Port City's facility at the Port of Savannah. Except as expressly admitted, Chasewater denies the allegations in paragraph 13 of the Complaint.

14. Denied.

15. Denied. By way of further response, the document attached to the Complaint as Exhibit A is a document in writing that speaks for itself.

16. The document attached to the Complaint as Exhibit B is a document in writing that speaks for itself.

17. Denied.

3

Case 3:23-cv-00541-RJC-DCK   Document 12   Filed 11/29/23   Page 3 of 11

## Count I – Breach of Contract

18. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein.

19. With respect to the allegations in Paragraph 19 of the Complaint, purchase orders and invoices are documents in writing that speak for themselves. By way of further response, the allegations in Paragraph 19 purport to assert legal conclusions, to which not response is required.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## Count II – Unjust Enrichment

24. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

25. With respect to the allegations in Paragraph 25 of the Complaint, it is admitted that, with respect to services performed on behalf of Chasewater's client, Cornerstone Systems Inc. (on behalf of its client, Manchester Tank), Port City provided storage and shipping services, and that Chasewater has already paid Port City in excess of $125,192.05 for said services. Except as expressly admitted, Chasewater denies the allegations of Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

Count III – Account Stated

31. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Admitted.

33. Admitted.

34. With respect to the allegations in Paragraph 34 of the Complaint, the document attached to the Complaint as Exhibit B is a document in writing that speaks for itself.

35. With respect to the allegations in Paragraph 35 of the Complaint, it is admitted that Chasewater received the letter attached to the Complaint as Exhibit B. Except as expressly admitted, Chasewater denies the allegations of Paragraph 35.

36. Denied.

37. Denied.

Chasewater denies all of the allegations of the "PRAYER FOR RELIEF" of the Complaint and denies the paragraphs of the Complaint beginning with "WHEREFORE," including paragraphs 1, 2, 3, and 4 therein.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of unclean hands, because of their own breaches of contract.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part, based on the doctrine of payment, accord, and satisfaction.

## SIXTH DEFENSE

Plaintiff's alleged claims to damages are barred, in whole or in part, by the right of Chasewater to set-off against any such damages.

## SEVENTH DEFENSE

Chasewater reserves the right to assert such other defenses to the Complaint as may be revealed in discovery in this action, and it reserves the right to amend this Answer.

## CHASEWATER'S COUNTERCLAIMS

1. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

### PARTIES AND JURISDICTION

2. Chasewater is a North Carolina limited liability company with its principal office in Charlotte, North Carolina. The sole member of Chasewater is a citizen and resident of North Carolina.

3. Port City is a Georgia corporation with its principal place of business in Port Wentworth, Georgia.

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. Chasewater is a freight brokerage business.

7. Port City is a trucking company that provides drayage and storage services.

8. In 2022, Chasewater hired Port City to service its clients to provide various transportation and storage services in connection with shipping containers arriving in the Port of Savannah.

9. In connection with those services, Chasewater incurred per diem charges, excess chassis charges, and delivery costs in circumstances where shipping containers sat on Port City's property or "yard" and were not "in-gated" in a timely manner by Port City.

10. Chasewater paid these per diem charges, excess chassis charges, and delivery costs in an amount in excess of $159,960.

11. In these circumstances, containers were under Port City's possession and control, and Port City was on notice of their possession and control of the containers.

12. Port City is responsible for the delays resulting in these charges.

13. Chasewater should not be responsible for paying these charges.

## FIRST COUNTERCLAIM
### Breach of Contract

14. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 13 above as if fully set forth herein.

15. Port City's agreement to provide transportation and storage services to Chasewater in connection with shipping containers arriving in the Port of Savannah constitutes valid and binding contracts between Port City and Chasewater.

16. Timely "in-gating" shipping containers is a well-known part of the general custom and usage of trade in the drayage business. As such, this requirement automatically became part of the parties' agreement.

17. Chasewater fully performed its obligations under said contracts.

18. Port City breached its obligations under said contracts by failing to timely "in-gate" shipping containers.

19. The breaches committed by Port City have proximately caused Chasewater to suffer monetary damages in an amount greater than $159,960.

## SECOND COUNTERCLAIM
### Declaratory Judgment/Setoff

20. Chasewater repeats and incorporates its responses to the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Pursuant to North Carolina's Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, this Court has the power to declare the rights of Chasewater and Port City under the parties' agreements and applicable law.

22. An actual controversy exists between Chasewater and Port City regarding payments due from Port City to Chasewater for per diem charges, excess chassis charges, and delivery costs.

23. Chasewater is entitled to a declaratory judgment setting forth its rights and obligations.

24. A judicial declaration is necessary and appropriate at this time, under the circumstances, in order to determine the rights and obligations of Chasewater and Port City.

25. Accordingly, this Court should declare that Chasewater is entitled to set off the amount it is owed from Port City, as set forth herein, from the amount Port City claims from Chasewater.

26. Specifically, the Court should declare that Chasewater is entitled to a total setoff of no less than $159,960, which is more than the amount claimed by Port City.

27. Chasewater is entitled to costs incurred in pursuing this matter pursuant to N.C. Gen. Stat. § 1-263 and other applicable law.

WHEREFORE, Defendant and Counterclaimant Chasewater prays for the following relief:

A. A jury trial on all issues so triable;

B. A judgment in favor of Chasewater on its counterclaims;

C. A judgment in favor of Chasewater on all of Port City's causes of action;

D. An award of compensatory damages in an amount to be determined at the trial of this action;

E. An award of pre- and post-judgment interest as allowed by law;

F. An award taxing the costs of this action against Port City;

G. An award granting Chasewater its reasonable attorneys' fees; and

H. Such other and further relief as this Court deems just and proper.

Respectfully submitted this the 29th day of November 2023.

>*/s/ Jonathan E. Schulz*
>Jonathan E. Schulz (N.C. State Bar No. 47285)
>Bradley Arant Boult Cummings LLP
>214 North Tryon Street, Suite 3700
>Charlotte, NC 28202
>Telephone: (704) 338-6000
>Facsimile: (704) 332-8858
>jschulz@bradley.com
>
>*Attorney for Chasewater Logistics, LLC*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 29th day of November 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

                */s/ Jonathan E. Schulz*
                Jonathan E. Schulz
                *Attorney for Chasewater Logistics, LLC*